JUDGE PETERS
delivered the opinion oe tiie court:
This action was brought by appellee against the personal representative of George A. Clark, deceased, as late sheriff of Metcalfe county, and his sureties, on their bond, executed the 7th of June, 1865, in which the obligors jointly and severally bound themselves to tbe Commonwealth of Kentucky that said Clark, as sheriff of said county, should well and truly collect, account for, and pay over to the persons entitled to receive the same, according to law, the county levy and public dues of the county of Metcalfe for the year 1865, and when called upon by the county court, settle his accounts, and pay over the amount, if any, of public money in his hands belonging to said county; and that said Clark should, in all things, well and truly demean himself, and perform the duties of collector of the county levy of said county, &c., &c.
It appears that after the death of Clark, the sheriff, a commissioner was appointed by the county court to settle with his personal representative, who reported a balance of public money in the hands of said sheriff at the time of his death, or unaccounted for, of two thousand one hundred and eighty-two dollars and sixty-three cents due to the county; and to recover that sum this action was brought. On the trial of the cause, judgment was rendered against the defendants below for one thousand two hundred and eighty-two dollars and sixty-three cents, leaving nine hundred dollars of said claim for furtherditjgation, and of that judgment appellants complain.
It appears, from the report of the commissioner, that, in making the settlement, he charged appellants with the sum of four thousand three hundred and four dollars and seventy-six cents, balance found to be due from Clark by a settlement made with him by Young in February, 1865, *69 and also for ’the county levy for the year 1865, of three thousand two hundred and nineteen dollars and thirty-six cents, making the aggregate sum of seven thousand five hundred and twenty-three dollars and twelve cents, and credited the account by vouchers produced by appellants, so as to reduce the amount to said sum of two thousand one hundred and eighty-two dollars and sixty-three cents.
Whether or not this judgment can be approved, depends ripon the true meaning and interpretation of the sheriff’s bond, which is the foundation of this action.
The sheriff, by virtue of his office, was the collector of the county levy; and the law made it his duty, at the term of the court at which it was imposed, or at some subsequent term of the court, before he proceeded to collect the county levy, to execute a bond, with one or more good sureties, payable to the Commonwealth, whose aggregate estate, after the payment of all their liabilities, shall be equal to double the amount of the whole levy ordered to be collected. (Sec. 3, art. 2, chap. 26, vol. Rev. Stat., 297.) And then follows the form of-the bond the collector is required to execute, which form is substantially pursued in the bond sued on.
The sheriff is required each year, before he proceeds to collect the county levy, to execute the bond prescribed, which is intended to secure to the county creditors and to the county the payment of the amount of the levy for that particular year. Such is the object and intention of the law.
Construing the bond sued on in the light of this law, and also according to the rational and common meaning of the terms of the bond itself, it must be evident, that in this action appellants are not responsible on the bond of *70 1865 for money in the bands of Clark, collected for county levies for previous years.
Wherefore, the judgment is reversed, and the cause is remanded for a new trial, and for further proceedings not inconsistent with this opinion.